## WILLIAM H. NICKERSON *vs.* JUDAH BAKER.

If an agreement for the purchase and sale of real estate has been made in good faith, and the purchase money paid, but the giving of the deed postponed merely for the convenience of the parties, the subsequent insolvency of the vendor will not prevent him from conveying a good title to the purchaser, by a deed executed before the institution of proceedings in insolvency, although the agent of the latter, who received the deed, had reason to believe that the vendor was then insolvent.

WRIT OF ENTRY. The demandant claimed title under a deed from Alexander Nickerson, dated January 31, 1859. The tenant contended that this deed was fraudulent as against creditors,

and claimed title under the assignee in insolvency of said Alexander, under proceedings instituted on the 18th of April 1859.

At the trial in the superior court, before *Morton*, J., it appeared that in September 1858 the demandant bargained for the premises with Alexander, and then paid the purchase money for the same; but he took no deed at that time, because Alexander was going to sea before a deed could be prepared. Both parties went to sea, the demandant appointing an agent to receive the deed for him, which was executed and delivered to the agent on the 31st of January 1859, before the return of the demandant. There was evidence tending to show that, at the time of executing the deed, Alexander was insolvent, and that the demandant's agent had reason to believe him to be so; but the judge instructed the jury that these facts would not invalidate the conveyance, if the purchase was made in good faith, and no credit was given to Alexander in the transaction.

The jury returned a verdict for the demandant, and the tenant alleged exceptions.

*G. Marston*, for the tenant.

*H. A. Scudder*, for the demandant.

DEWEY, J. The conveyance under which the demandant claims title was not void, as in contravention of *St.* 1856, *c.* 284, §§ 25, 26, upon the facts found in the case. The grantor did not stand in the relation of a debtor to the plaintiff. He owed him no money, nor was he liable to be charged for any indebtedness therefor. His only duty was to make the conveyance of the estate for which the money was paid. Upon the payment of the entire purchase money to the vendor, in equity he held the estate in trust for the benefit of the party paying the same. The execution of the deed may, under the circumstances, be held to relate back to the time of the payment of the money, and the first existence of the duty to give a deed. The conveyance was not in violation of the spirit or purpose of the provisions of the insolvent law forbidding conveyances to preëxisting creditors. The case differs from that of *Blodgett* v. *Hildreth*, 11 Cush. 311 which was the giving of security for a preëxisting

debt, and in which it was held to be no sufficient ground for sustaining the transfer of property by an insolvent debtor, that it was done in pursuance of an original agreement to give such security, if at any time thereafter it should be required.

*Exceptions overruled.*